The Pit. being seised of a Lot of Land in the Town of Hampton abutting upon the river Hampton & so described in the Grant from the Feoffees of the Town Land to the Pits. Ancestor The Deft, in the Pits. Infancy upon a suggestion that he had by Industry gained some Land out of the River obtained a Grant from the Crown of a small parcel of Land to be made out of the River before this Lot & builds a House upon Posts directly before the Lot under which House the Water ebbs & flows So that [110] the Ground it stands upon is between high & low Water Mark The Grant from the Crown of which the Pits. Lot is parcel is bounded by the River or abutting upon it & the River is navigable
The Pit. brings this Ejectm’t to recover the House a’fs’d built by the Deft, before his Lot
The Q. is properly this when the King Grants Land bounded by or abutting upon the Sea or a Navigable river where the Water ebbs & flows Whether the Grantee has not a right to the Land betw. high & low Water Mark Or to any Land that may be gained out of the River
*B118 All Lands here are held mediately or immediately of the Crown And so they are in England And therefore must have been first granted by the Prince to the Subject Now there are numberless Grants from the Crown in England bounded by the Sea River &c but no one I believe ever saw a Grant of Land betw. the high & low Water Mark Yet such Land may be parcel of the Mannor of a Subject 5. Co. 107. Sr. Hen Constable from whence I think it follows that by the Grant of Land abutting upon or bounded by a river the Grantee has a right to the Land or Soil betw. the high & low Water Mark
I conceive too that if the Water leaves the Land or the Grantee by Industry gains Land out of the Water it belongs to him & not to the Crown
It has indeed been a question Where the Salt Water has left a great quantity of Land upon the Shore whether the prince shall have it by his Prerogative or the Owner of the Land adjoining It is made a Quaere in Dier 326. b. & he refers to sev’l Authors But he cites a Case 43. E. 3. of the Abbott of Ramsey who was sued on behalf of the King for 40. a. of Marsh The Abbot pleaded that he held such a Mannor next the Sea where there was a Marsh which was sometimes lessen’d by the flux & increased by the reflux And the title was found for the Abbott And the Reporter says P. 17. Eliz. in such a Case in the Excheq’r about Sandwich a Verdict was solemnly given ag’st the Queen
But there is a Case in the Margin of the Book of the Corporation of Rumney adj’d 8. Eliz. which is more express It is thus If the Sea marks are gone .so that it cannot be known whether there ever was Land there the Land gained from the Sea belongs to the King but if the Water covers the Land at the flowing & leaves it at the ebbing so that the Sea Marks are known if such Land is gained from the Sea it belongs to the Owner
In this Case the Water ebbs & flows upon the Land claimed by the Deft. But if it was actually gained out of the Water by Industry it belongs to the Owner of the Land adjoining who is the Pit. It is plain then the King could not grant this Land which by Law belonged to the Subject & which he in effect had granted before The Defts. Grant is unusual & the first of the kind in this Country or I believe in any other subject to the Crown of England I might add further that this Grant was obtained in the [111] Lessor’s Infancy And if Grants of this sort are encouraged No man who has Lands upon Navigable rivers *B119 can be secure of the greatest advantage attending them viz. a Landing prospect &c.
For the Deft. It was not attempted to support the Grant from the Crown but it was insisted that the Deed from the Feoffees, of the Town to the Pits. Ancestor did not take in the Land where the House stood for that the number of Chains mentioned in the Deed did not reach so far Which was admitted to be true
But it was answered
That the Deed was bounded by the River The Town was laid out upon the River And the Kings Grant out of which the Town Land was taken was abutting upon the River By which the Pit. had a right to the Land left by the River if any was really left but that in this Case there was none left for the Soil upon which the house stood was that upon which the Water ebbed & flowed
And it was further urged to shew the inconvenience of allowing the Deft’s pretensions that by such Practises as the Deft, had used there might not in time be a Landing place left to Hampton T own
Judgm’t Fr Pit. Fr. tot. Cur.